Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

FILED

# UNITED STATES DISTRICT COURT
for the
Western District of Texas
San Antonio Division

MAR 16 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Case No. SA22CA0257JKP

*(to be filled in by the Clerk's Office)*

JOHN B. WILLIAMS III, PRO SE )
    *Plaintiff(s)*

-v- )
)
)
)
)
)

BEXAR COUNTY DISTRICT ATTORNEYS )
OFFICE, "AN AGENCY"
    *Defendant-1,*

JOE GONZALES, BEXAR COUNTY, )
TEXAS, "A MEMBER OF )
AN AGENCY", " A FIDUCIARY", )
" AN ELECTED OFFICIAL" )
    *Defendant-2,*

ALEXANDRA ZEPEDA, AN INDIVIDUAL, )
" A FIDUCIARY", "A MEMBER OF ", )
AN AGENCY, )
IN AN OFFICIAL CAPACITY )
    *Defendant-3,*

TIFFANY MILLER, AN INDIVIDUAL, )
FIDUCIARY, A MEMBER OF AN AGENCY )
"IN AN OFFICIAL CAPACITY" )
    *Defendant-4,*

BRANDON RAMSEY, AN INDIVIDUAL,
FIDUCIARY, A MEMBER OF AN AGENCY )
" IN AN OFFICIAL CAPACITY" )

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant- 5, )

# COMPLAINT AND REQUEST FOR INJUNCTION

I. The Parties to This Complaint

    A. The Plaintiff(s):      JOHN B. WILLIAMS III

                                  7918 HATCHMERE CT.
                                  CONVERSE, TEXAS 78109
                                  210- 430-1116
                                  executivepoolssallc@yahoo.com

    B. The Defendant(s):

           Defendant No. 1:      BEXAR COUNTY DISTRICT ATTORNEYS OFFICE [ "AGENCY"]
                                  101 W. NUEVA STREET, SAN ANTONIO, TEXAS, 78205
                                  **REASON: YOUR ARE BEING ACCUSED FOR A VIOLATION OF THE HATE CRIME PREVENTION ACT UNDER THE LAW OF PARTIES. THIS GOVERNMENTAL 'AGENCY', AND ' ACCOMPLICE TO CONSPIRE' IS ALSO A FIDUCIARY TO THE CITIZENS OF BEXAR COUNTY, NAMELY, THE PLAINTIFF, A REGISTERED VOTER, REQUIRES YOU TO BE INFORMED THAT A "SCHEME OR ARTIFICE TO DEFRAUD" THE PLAINTIFF FROM 1999 TO THE PRESENT DAY, HAS RE-OCCURRED IN A CONTINUATION OF AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT. YOU ARE REQUESTED TO APPEAR.**

           Defendant No. 2:      JOE GONZALES, "ELECTED OFFICIAL CAPACITY"
                                  101 W. NUEVA STREET, SAN ANTONIO, TEXAS, 78205

                                  **REASON: YOUR ARE BEING ACCUSED FOR A VIOLATION OF THE HATE CRIME PREVENTION ACT AS A**

LAW OF PARTIES. YOUR AFFILIATION AS A FIDUCIARY TO THE CITIZENS OF BEXAR COUNTY, 'ELECTED OFFICIAL', REQUIRES YOU TO BE INFORMED THAT A "SCHEME OR ARTIFICE TO DEFRAUD" THE PLAINTIFF SINCE YOUR ELECTION TO DISTRICT ATTORNEY HAS RE-OCCURRED IN A CONTINUOUS ILLEGAL ORGANIZED CRIMINAL ENACTMENT WITH YOUR DIRECT PARTICIPATION AS AN ACCOMPLICE. YOU ARE REQUESTED TO APPEAR.

Defendant No. 3:   ALEXANDRA ZEPEDA, INDIVIDUAL, FIDUCIARY, 101 W. NUEVA STREET, SAN ANTONIO, TEXAS, 78205

REASON: YOUR ARE BEING ACCUSED FOR A VIOLATION OF THE HATE CRIME PREVENTION ACT AS A LAW OF PARTIES. YOUR AFFILIATION AS A FIDUCIARY TO THE CITIZENS OF BEXAR COUNTY, REQUIRES YOU TO BE INFORMED THAT A "SCHEME OR ARTIFICE TO CONTINUOUSLY DEFRAUD" THE PLAINTIFF HAS RE- OCCURRED IN AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT WITH YOUR DIRECT PARTICIPATION AS AN ACCOMPLICE. YOU ARE REQUESTED TO APPEAR.

Defendant No. 4:   TIFFANY MILLER, INDIVIDUAL, 101 W. NUEVA STREET, SAN ANTONIO, TEXAS, 78205

REASON: YOUR ARE BEING ACCUSED FOR A VIOLATION OF THE HATE CRIME PREVENTION ACT AS A LAW OF PARTIES. YOUR AFFILIATION AS A FIDUCIARY FOR THE COUNTY AND STATE, REQUIRES YOU TO BE INFORMED THAT A "SCHEME OR ARTIFICE TO DEFRAUD" THE PLAINTIFF HAS OCCURRED IN AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT WITH

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

YOUR DIRECT PARTICIPATION AS AN ACCOMPLICE. YOU ARE REQUESTED TO APPEAR.

Defendant No. 5:   BRANDON RAMSEY, INDIVIDUAL,

101 W. NUEVA STREET, SAN ANTONIO, TEXAS, 78205

REASON:  YOUR ARE BEING ACCUSED FOR A VIOLATION OF THE HATE CRIME PREVENTION ACT AS A LAW OF PARTY.  YOUR AFFILIATION AS A FIDUCIARY, AND AS A DIRECT ACCOMPLICE OF EVENTS , REQUIRES YOU TO BE INFORMED THAT A "SCHEME OR ARTIFICE TO DEFRAUD", THE PLAINTIFF HAS OCCURRED IN AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT. YOU ARE REQUESTED TO APPEAR.

## II.     Basis for Jurisdiction

28 U.S.C. § 1331, 7 U.S.C. 60 ( SCHEME OR ARTIFICE TO DEFRAUD), 18 U.S.C. 1030, 18 U.S.C. 1346, 18 U.S.C. 1349 ( CONSPIRACY), 28 U.S.C. 455, 28 U.S.C. 534 ( HATE CRIME ACT), 18 U.S. CODE 241, 18 U.S. CODE 242,  18 U.S. CODE 247 , S. 909 " MATTHEW SHEPARD HATE CRIMES PREVENTION ACT; TEXAS , TITLE 2. CHAPTER 7. ET SEQ ( COMPLICITY PARTIES TO OFFENSES); TEXAS GOVERNMENT CODE 552. ( RIGHT TO GOVERNMENT RECORDS, OFFICES, FIDUCIAR[IES], AGENTS. TEXAS GOVERNMENT CODE 402.010, (CONSTITUTIONALITY OF A STATUTE).

### A.     If the Basis for Jurisdiction Is a Federal Question

1. THE DEFENDANT, AGENCY, HAS  BEEN A "SAFE HAVEN FOR AN ORGANIZED "SCHEME" FROM 1999 TO THE PRESENT, BY STALKING , INTIMIDATING, HARASSMENT, VANDELISM, AND ATTEMPT TO KILL THE PLAINTIFF. AREN'T STATUTES OF HATE CRIME AND CONSPIRED EVENTS REQUIRE AN INVESTIGATION OF THE REENACTMENT OF EVENTS AND CREDIBLE EVIDENCE.

2. CAN THE DEFENDANT'S CLARIFY HOW **J. CHARLES BUNK, BAR LICENSE NO. 00792382**, A PREVIOUS ATTORNEY FOR THE AGENCY IN 1999, AS **LEAD PROSECUTOR IN 1999 – CR – 0720, STATE OF TEXAS V. JOHN B. WILLIAMS III. SENTENCING HEARING, AND ALSO IN THE PLAINTIFF'S MOTION FOR NEW**

TRIAL. **NOW J. CHARLES BUNK, #00792382, HAS INFILTRATED THE PLAINTIFF'S NEW FALSE ARREST AS THE SAME PLAINTIFF'S INDIGENT PUBLIC DEFENDER OF RECORD. THIRDLY, J. CHARLES BUNK MISAPPROPRIATED A CLAIM FOR REIMBURSEMENT OF REPRESENTATION.**

3. CAN THE DEFENDANT'S CLARIFY HOW **EDWARD FRANCIS SHAUNESSEY III, BAR LICENSE NO. 18134500, WHO IN 2002, WAS THE LEAD PROSECUTOR FOR THE STATE TO ARGUE THE PLAINTIFF'S APPEAL AND DENY APPEAL. NOW IN 2020, EDWARD FRANCIS SHAUNESSEY III, INFLITRATED THE PLAINTIFF'S FALSE ARREST PROCEEDINGS, FIRST AS A INDIGENT PUBLIC DEFENDER, AND THEN APPEARING IN A CHANGE OF VENUE INTIMIDATING TRIAL COURT TO BE A STAND BY COUNSEL .**

4. CAN THE DEFENDANT'S CLARIFY HOW **RAYMOND E. FUCHS, STATE BAR NO. 07498400, INFILTRATE THE PLAINTIFF'S FALSE ARREST AND PROCEEDINGS, TO APPOINT HIMSELF AS THE PLAINTIFF'S THIRD AND FRAUDULENT PUBLIC DEFENDER APPOINTED COUNSEL OF RECORD.**

5. CAN **DEFENDANT BRANDON RAMSEY CLARIFY THIS REMEDIAL PRACTICE OF NON COMPLIANCE OF PLAINTIFF'S ONLY HIRED AND OFFICIAL COUNSEL OF RECORD; MOTION TO COMPLY WITH A ARTICLE 39.14, DISCOVERY REQUEST INITIATED BY HIRED COUNSEL RICHARD E. LANGLOIS STATE BAR NO. 11922500 DATED IN JUNE, 2019. RICHARD LANGLOIS APPEARED ON JANUARY 31, 2020 TO FURTHER COMPEL DISCOVERY.**

6. CAN **BRANDON RAMSEY FURTHER SHOW HIS UNCONSCIONABLE** ACTIONS AS A MEMBER OF THE AGENCY , **EXPLAIN DEFENDANTS HEINOUS REQUEST FOR PLAINTIFF TO GO TO JAIL AN A BOND REDUCTION OR NO BOND HEARING DURING A NATIONAL EMERGENCY OF A CORONAVIRUS PANDEMIC KILLING BOTH INMATES AND COUNTY EMPLOYEES IN THE SAME COUNTY JAIL IN ORDER FOR PLAINTIFF TO HAVE A NEW BOND. IS THIS BEHAVIOR REMEDIAL OR PUNITIVE?**

7. CAN **BRANDON RAMSEY AND DEFENDANT, TIFFANY LYNNE MILLER SBOT # 24081369, "MEMBERS OF AN AGENCY", EXPLAIN WHY ON OCTOBER 8, 2020, THE 39.14 DISCOVERY WAS** *DECEIVED JOINTLY WITH PARTICIPATION OF ANOTHER PERSON OF INTEREST TO COMPLY WITH A COURT ORDER BY ANOTHER VISITING JUDGE CHARLES RAMSEY, ANOTHER PERSON OF INTEREST. THIS CONDUCT WAS A "SAFE HAVEN" TO COMMIT AND PROTECT ANY DISCOVERY OF FRAUD, OBSTRUCTION OF JUSTICE AND VANDELISM OF ORDERS STIPULATIONS AND REQUESTS.*

8. CAN **DEFENDANT, ALEXANDRA ZEPEDA, STATE BAR NO: 24096706, EXPLAIN HER AFFILIATION OF AN ORGANIZED SCHEME OR ARTIFICE TO DEFRAUD A PARTICIPATION IN THE CONSPIRACY OF (3) UNAPPOINTMENTS OF COUNTY PUBLIC DEFENDERS WITHOUT ANY NOTIFICATION BY MOTION, BY PROCEEDING, BY ORDER. DEFENDANT MADE NO OBJECTIONS TO ILLEGAL COURT PROCEDURES TO PROTECT THE INTERESTS OF JUSTICE.**

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

9. CAN DEFENDANT, **ALEXANDRA ZEPEDA**, EXPLAIN HER TRANSCRIBED STATEMENTS CONCERNING THE RECUSAL AND SPEEDY TRIAL CONSPIRACIES FALSELY CATEGORIZED IN TRANSCRIPT AS "REMEDIED".

10. CAN DEFENDANT, **JOE GONZALES**, AN ELECTED OFFICIAL, A FIDUCIARY OF BEXAR COUNTY ELIGIBLE VOTERS-CITIZENS, NAMELY PLAINTIFF, MAKE FALSE PUBLIC STATEMENTS OF AN AGENC[IES] MISSION TO THE PUBLIC CITIZENS OF BEXAR COUNTY VOTERS, SUCH AS THE DUTIES TO "REFORM THE OFFICE", SEEK JUSTICE", "DETERMINE HOW BEST TO PROCEED IN THE INTERESTS OF JUSTICE", "TO NOT WAIVE ANY RIGHTS OR PRIVILEDGES IT WOULD OTHERWISE HAVE RETAINED, [ IN RE MEZA- CONFLICT OF INTEREST THE DEFENDANT'S VICTORY TO DISQUALIFY <u>AN EX-DISTRICT ATTORNEY.</u> DEFENDANT'S PROMISE TO ENSURE THE COMPLETENESS OF DISCOVERY, <u>LEGIBILITY AND COMPLETENESS OF THE DOCUMENTS;[FRAUDULENT COUNSEL]</u> AND PREVENT CRIME AND MAKE BEXAR COUNTY A SAFER AND BETTER PLACE TO <u>LIVE AND TO WORK. A COMPLETE FALSEHOOD OR OBSTRUCTION TO RETALIATE AND INTIMIDATE ILLEGAL VOLUMES OF UNCONSCIONABLE PROSECUTIONS. HATE CRIME PARTICIPATION INSIDE THE AGENCY SINCE 1999 TO THIS PRESENT DAY.</u>

THE PLAINTIFF CONTENDS THE CREDIBLE EVIDENCE TO INVESTIGATE THE FOLLOWING OFFENSES: **Texas Penal Code(s):** 36.04 (improper influence), 36.02 (obstruction, retaliation), 19.02 (b)(1-2)(conspiracy to attempt murder); 39.02(a)(1)(2), 39.03(a)(1)(2), 39.015 (attorney must prosecute); 39.01, 32.45 (misappropriation of funds from a governmental agency), 37.01(perjury); 37.09, 37.10, 37.101, 37.03, 42.072, (Stalking plaintiff since 1999 and 2002 by two ex-prosecutors infiltrating a case clearly a conflict of interest)

## III. Statement of Claim

A. The Defendant, "an agency', is responsible of the investigation to criminalize various individuals, affiliated, from 1999 to the present because all participants are licensed and registered with The State. Such corruption by more than one party is a conspiracy of events with a premeditated goal. The defendants in their assigned capacity intend to prosecute any accused person without any protection of any constitutional claim. Removing the constitution as a *'referee', is a SlaveMaster mentality to detain individuals receiving no merits for incarceration, including any civil required penalties improperly inflicted.* The Defendants are the "Ministers of Court Justice". All named co-defendants individually represent the Bexar County District Attorney' Office. Mr. Gonzales is their superior authority. The Defendants' ARE THE SECOND CONTROLLED COUNTY AGENCY IN A SUIT JOINED, AT THE HIP; in a *pre-meditated scheme* to suppress THREE (3) unknown ORDERS OF appointment FROM BEXAR COUNTY PUBLIC DEFENDERS OFFICE without notifying the plaintiff. The *unknown and unappointed counsel is IMMEDIATELY required to notify the defendant's ASSIGNED, OR ASSISTING, upon representation by letter email and hearing with ALL REQUIRED PARTIES TO ATTEND. AND THEN HAVE A JUDGE SIGN THE ORDER OF INDIGENT OR HIRED APPOINTMENT.* THE PLAINTIFF ACCUSES THE DEFENDANTS AS CONSPIRATORS IN A

PLANNED AND ELONGATED HATE CRIME VIOLATION BY A <u>CLEAR ABUSE OF POWER.SINCE 1999 TO THE PRESENT DAY.</u>

B. **DEFENDANTS ARE TO PROSECUTE APPLYING REMEDIAL PROCEDURES. INSTEAD ALL DEFENDANTS ACTIONS AND INACTIONS ARE WITH PUNITIVE AND FATAL INTENTIONS.** Due to the seriousness of this Federal offense supported by congressional mandated investigations the DEFENDANTS, "AN AGENCY", AND INDIVIDUALS, ARE REQUIRED TO ANSWER TO SUCH HEINOUS COMPLAINTS. *The documented malice of heinous intent should bar the Defendant, AN AGENCY, AND INDIVIDUALS IN THEIR OFFICIAL CAPACITIES of any IMMUNITY relief.* Bexar County has identified AND REPORTED numerous racial groups targeting Black people, and the county is ranked in the top 20 Texas counties with Hate Crime Assaults. HATE CRIMES ARE BEING COMMITTED IN THE COURTS AND SHOULD NO LONGER BE AN AREA TO OVERLOOK, UNLESS SUPERIORITY OF INFLUENCE ORDERS ENTERTAIN SUCH ILLEGAL ACTIVITY.

C. CORRUPTION: **On September 25, 2020,** plaintiff's HIRED attorney withdrew from record according to plaintiff's official transcripts. **Granted September 30, 2020,** according to Bexar County Official Event Log Display, prepared by the Bexar County Criminal Court Clerk. *Transcript deposes plaintiff permission to proceed pro se, AND GRANTED RELIEF WITH DEFENDANT, Brandon Ramsey, in attendance.* **On October 5, 2020, county clerk records show a FRAUDULENT appointment of A THIRD BEXAR COUNTY PUBLIC DEFENDER** *State Bar License # 07498400, Raymond E. 'Ray' Fuchs; profile last certified on May, 3, 2021.* <u>Plaintiff never met or has NO affiliation with this attorney and the bar profile DOES NOT SHOW ADMITTANCE TO PRACTICE IN STATE COURTS.</u> **The court appointment must have been served to Brandon Ramsey or any assisting district attorney. Plaintiff was never notified of this October 5, 2020, appointment of counsel; the day Brandon Ramsey witness the presiding judge voluntarily recuse them self. Mr. Ramsey failed to qualify and object to plaintiff's pro se request when newly court appointed counsel exists in the record, and such counsel was also disqualified to practice in state courts.**

  D. *The Bexar County's next entry on the Clerk's Event Log Displays another phony BEXAR COUNTY PUBLIC DEFENDER. State Bar License #00792382, J. Charles Bunk, another (hidden filing) of indigent court appointed attorney without the plaintiff present. As a right to the plaintiff, Brandon Ramsey failed to object to the attendance of indigent counsel in person or a virtual conference.* <u>Let the complaint reflect that this named attorney WAS THE LEAD PROSECUTOR IN MY 1999 PROSECUTION.</u>  *Plaintiff would never appoint <u>JOHN CHARLES BUNK , EX -PROSECUTOR</u> AS A PUBLIC DEFENDER. BEXAR COUNTY CLERK AND COURT CERTIFIED RECORDS CLEARLY REVEAL A NOTICE TO JUDGE REGARDING JOHN CHARLES BUNK;* <u>expressing conflict of interest towards J. Charles Bunk of having anything affiliated with this false charge. The plaintiff complained timely in 1999, of the prosecutorial vindictiveness and the constitution was denied to provide a civil right to its protections against judicial and criminal obstruction and retaliation.</u>  *Having been the Lead Prosecutor, Brandon Ramsey <u>again</u> failed to object to another improper indigent appointment of counsel with the plaintiff not present or any documentation to the contrary with my signature or transcription.*

  E. **Also on October 5, 2020, Mr. Ramsey heard the plaintiff's Motion for no bond or bond reduction PLEA FOR LIFE,M HEALTH AND SAFETY PRECAUTIONS since plaintiff is a 52 years old, family of (6) children, mother suffering with dementia, currently hospitalized, financially supportive with financial records and bank statements clarifying the plaintiff's INELIGIBILITY FOR A PUBLIC DEFENDER. DEFENDANTS RETALIATION TO A COURT OF DISCIPLINARY APPEALS ON BRANDON Ramsey, DEFENDANT, INDIVIDUAL, FURTHER, recommended the plaintiff TO be detained in the Bexar County Jail while other humanitarian decisions for requirement were available. Instead Plaintiff was sent to a Bexar County Jail** <u>*FILLED WITH A RAMPID AND LIFE TAKING PANDEMIC- COVID-19, AND THERE WAS NO VACCINE AVAILABLE IN OCTOBER, 2020.*</u> *Mr. Brandon clearly shows a clear disregard for life more than detainment of a plaintiff already on bond. The defendant shows a <u>punitive motive and not OF remedial INTENTIONS.</u>***BRANDON RAMSEY WAS AN ACCOMPLICE IN THE ATTEMPTED MURDER OF THE PLAINTIFF. CAN DEFENDANT EXPLAIN HIS ACTIONS AS REMEDIAL RATHER THAN PUNITIVE?**

  F. After plaintiff was released **27 hours later from close interactions with inmates and employees susceptible of contacting a deadly covid-19 virus, CIRCULATING THROUGH THE ENTIRE BUILDING,** however, the Defendant was restricted to **VIRTUAL** hearing for health and safety precautions by a **PRACTICE of social DISTANCING WITH NO CONSIDERATION FOR PLAINTIFF.**

G. **October 8, 2020, , SIMULTANEOUSLY WITH A RECUSAL TRANSCRIBED, DOES APPEAR, a third BEXAR COUNTY PUBLIC DEFENDER on plaintiff's clerk's record ;** *State Bar # 18134500 – Edward Francis Shaunessey III. Defendant Tiffany Miller failed to object of an improper hearing without the motion or proffer to trial judge of this illegal act to commence a hearing lacking the attendance of an (alleged) indigent attorney of record. THIS WAS ACCEPTED AND TRANSCRIBED MISCONDUCT OF DUAL REPRESENTATION; A COURT VIOLATION. DEFENDANT, TIFFANY MILLER FAILED TO OBJECT, A MINISTERIAL DUTY AND VIOLATION OF COURT PROCEDURE,* <u>*CONTRARY OF THE DEFENDANTS*</u> *MISSION AND OFFICIAL OBJECTIVES , "AN AGENCY". THIS IS RECORDED CORRUPTION TO PERFORM HATE CRIME ACTIVITY WITH AN IMPROPER INFLUENCE CONTROLLED BY THE DEFENDANTS, INDIVIDUAL(S), AND "AN AGENCY", CLEAR ABUSE OF POWER SINCE 1999. Plaintiff suffers from Official Oppression from* **Bexar County District Attorneys Office from 1999 to the present day.**

H. Next, the case is transferred after previous judge's Certification of Disqualification. **A hearing granted and ORDERED BY HON. SID L. HARLE, <u>THE SAME PRESIDING JUDGE FROM 1999 -CR-0720.</u> Before the first pretrial hearing was SET ON AUGUST 26, 2021, THE 379TH COURT AND COURT ADMINISTRATION CONSPIRED IN A PUBLIC DEFENDER 'SCHEME' OF INDIGENT CLAIM FOR A FALSIFIED REIMBURSEMENT. DATED AND AUDITED ON February 8, 2021. Plaintiff presents a County Clerk's 'open record', official event log display one of the (3) illegally and fraudulently Bexar County Public Defender's submitted a claim for a payment for services to plaintiff??** *Defendant Alexandra Zepeda, Lead prosecutor* <u>**received the file and did not object to this inaccuracy of events.**</u> Then, did, *Alexandra* Zepeda ,individual, in her official capacity make a first official appearance **as a first Order of Business hearing, 6 MONTHS AFTERWARD, August 26, 2021,** with the plaintiff, and another false CONSPIRED PERSON OF INTEREST, to wit: **Edward Francis Shaunessey III, IN AN ACT OF CLEAR DECEPTION OF FIDUCIARY, AND ALEXANDRA ZEPEDA FAILS TO DISCUSS STATE HIS PRIOR APPOINTMENT WHILE DISCUSSIONS OF PRO SE RIGHTS ARE TO BE <u>IN THE INTERESTS OF JUSTICE</u>. NOW MR. SHAUNESSEY IS APPEARING TO 'INFILTRATE' PLAINTIFF'S PROCEEDINGS A STAND BY COUNSEL.** *THIS IS A HATE CRIMEACT TO INTENTIONALLY INTIMIDATE THE PLAIINTIFF. ANOTHER UNOBJECTED RECORDED CONFLICT OF INTEREST. Alexandra Zapata, has* **failed to object to the appointments of counsel with no qualification before herself, while involvement in a scheme to suppress this judicial "trickery", and "organized wizardry", to defraud the County Clerk's events. Plaintiff retains official transcripts. On October, 27, 2021,** Court transcripts indicate Ms. Zepeda stated the State's file was complete and accurate. <u>Bexar county Public Defenders Office counsel **would be in her review of the record.(Attorneys for both sides are mandated to appear in the case records. And again, on November 27, 2021, transcripts disclose the statements made by defendant,individual , in her official capacity, Alexandra Zepeda stating to the 379th presiding court Judge, she could not locate documents, (parts of the recordMs. Zepeda supposedly reviewed). That the plaintiff requested. (Ms. Zepeda's alleged due diligence would have required her to review BEXAR COUNTY CRIMINAL JUSTICE INFORMATION SYSTEM CLERK EVENT LOG DISPLAY TO LOCATE THE DOCUMENT IN QUESTION** and with a doctorate of jurisprudence, to wit,</u> Alexandra Zepeda, in her official capacity made false statements to a tribunal, and failed in her ministerial duties to protect the constitutional rights of the plaintiff. **Alexandra Zepeda, Ms. Tiffany**

<u>Miller, and Brandon Ramsey are co conspirators of a prosecutorial misconduct so heinous to prey for the plaintiff's death in the Bexar County Jail.</u> *These (3) Defendants' conduct of Vindictiveness to hide an ex-prosecutor / and **a total of three** fraudulent public defenders; <u>imputed between plaintiff's hired counsel's Motion To Withdrawal of Counsel and the Change of Venue Pro Se Qualification is foundationally a TARGETED MALICIOUS HATE CRIME OF ASSAULT AND INTIMIDATION.</u>* **Plaintiff claims and preserves transcribed evidence of insurmountable conduct under Official Oppression, abuse of office, conspiracy all of which collectively are intimidating and vandelism guidelines under HATE CRIME PRESERVATION ACT.**

I.  Mr. Joe Gonzales, elected official, in his official capacity, as *ELECT* Bexar County District Attorney, states after replacing Nicholas LaHood, and later sanctioned for court behavior. Then, after defeating the Ex-District Attorney in [IN RE EX MEZA] to disqualify 'NICO LAHOOD for ex-parte communication as **defense attorney with the SAME DEFENDANT HE PROSECUTED. Court of Appeals Granted the disqualification of AN ex District Attorney REPRESENTATION OF A DEFENDANT. THIS 'BLIND EYE' IS SO HYPOCRITICAL.**

J.  Defendant's official website promises **reform to Bexar County. However, records indicate the contrary. Mr. Gonzales has failed to review criminal cases as he has promised Bexar County citizens, including the plaintiff, once elected. Mr. Gonzales has failed to act to mitigate any improper bias or prejudice <u>when credibly informed; once notified by certified Fedex signature receipt, and here again. Mr Gonzales has also failed in his ministerial duties to investigate and minister court decorum consisting of corruption, conspiracy, premeditated planning to defraud, misappropriation of government funds; all of which a clever but DISCOVERED 'PUBLIC DEFENDER SCHEME' used within the scope of an elected official authority .</u>** *The plaintiff is accused, <u>but not stripped of his humanitarian civil rights and constitutional rights.</u>* **In conclusion, ALL (4) CO DEFENDANTS' ARE ACTORS IN THIS PREMEDITATED, PREDETERMINED, SNEAKY, OFFENSIVE, PUNITIVE, AND CRIMINAL VIOLATIVE HATE CRIME AGAINST A BLACK, AIR FORCE VETERAN WITH A DISABILITY OF HAVING A PRIOR CONVICTION ; clearly a CONTINUANCE OF IDENTICAL vindictive prosecution TACTICS IN 1999. NOW CONTINUING DEFENDANTS HAVE VINDICTIVELY TARGETED PLAINTIFF IN A PUNITIVE MANNER. THE DEFENDANT, "AN AGENCY", ARE <u>ANOTHER CORRUPT AND</u> IMPROPERLY INFLUENCED GOVERNMENTAL AGENCY CONSPIRING IN A COMMISSION OF A HATE CRIME VIOLATION AGAINST THE PLAINTIFF.** *Plaintiff suffers from <u>twenty-years of official oppression.</u>*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## IV. Irreparable Injury

THE DEFENDANTS[5], IN THEIR VARIOUS STATED INDEPENDENT CAPACITIES, ARE ACCOMPLICES OF THE SUBSTANTIVE AND CIVIL RIGHTS VIOLATIONS OF THE PLAINTIFF. INEXCUSABLE MULTIPLE CALCULATED EVENTS, SHOULD BE INVESTIGATED IN ACCORDANCE WITH ALL STATED FEDERAL AND STATE STATUTES CITED IN THE PLAINTIFF'S SUIT ACCORDINGLY. J.CHARLES BUNK, EDWARD FRANCIS SHAUNESSEY, RAYMOND E. FUCHS, WITH THREE FRAUDULENT AND COVERED UP PUBLIC DEFENDER APPOINTMENTS TO SECURE **ANOTHER** BIASED PROSECUTION AND BIASED APPEAL IS MALICIOUS AND 'LYNCHING'. THE DEFENDANT'S FAILURE TO OBJECT TO J.CHARLES BUNK'S APPEARANCE AFTER (20) YEARS AGO IS CALLED CORRUPTION, IMPROPER INFLUENCE, OFFICIAL OPPRESSION, OBSTRUCTION AND RETALIATION, TO CAUSE LIFE THREATING HARM TO THE PLAINTIFF FOR LIFE.

## V. Relief

Plaintiff requests an evidentiary hearing IN ACCORDANCE WITH FEDERAL AND STATE GUIDELINES, and COURT ORDERED depositions from every defendant AND ANY NAMED 'PERSON OF INTEREST'; and barred from any immunity to respond to A RECORDED AND CREDIBLE, TANGIBLE ORGANIZED, WELL DESCRIBED, HATE CRIME SCHEME STEMMED FROM 1999 WITH 'THE BEXAR COUNTY PUBLIC DEFENDER SCHEME TO DEFRAUD COURT JUSTICE' IN THE RECORD. UNEQUIVOCALLY A CONFLICT OF INTEREST. **Plaintiff seeks monetary damages for vindictive and 'stalking' prosecution under hate crimes ORIGINATING FROM 1999 AND TO THE PRESENT DAY, and all fraudulent harassment received by the Bexar County District Attorney- both prior and present attorneys for the State in an amount of $5,000,000.00 (Five million dollars). Defendant's, ENTERED IN THEIR INDIVIDUAL AND AGENCY CAPACITY** must also provide information as to the 'ringleader' in Bexar County State courts or alleged conspired agencies to the Federal Bureau of Investigations – Hate Crimes Investigations. This suit, along with the plaintiff's suit against Bexar County Auditor and State Comptroller for misappropriated fraudulent indigent counsel claims, and the plaintiff's suit against [co conspirator-8/defendants in another separate suit.] This suit, entitled "HATE CRIME-volume 2 -SAME

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

EPISODE" with additional credibly elements to investigate another official agency involvement in the plaintiff's irreparable harm under HATE CRIMES AND THE HATE CRIMES PREVENTION ACT.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/16/22

Signature of Plaintiff: *John B. Williams*

Printed Name of Plaintiff: JOHN B. WILLIAMS III