UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN B. WILLIAMS III,**

   *Plaintiff*,

v.                                                       Case No.  SA-22-CV-00257-JKP

**BEXAR COUNTY DISTRICT
ATTORNEY'S OFFICE,
JOE GONZALES,
ALEXANDRA ZEPEDA,
TIFFANY MILLER, AND
BRANDON RAMSEY,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by the Bexar County District Attorney's Office, Bexar County District Attorney Joe Gonzales, and Bexar County Assistant District Attorney Brandon Ramsey ("Bexar County Defendants"). *ECF No. 7*. Upon consideration, the Court concludes the Bexar County Defendants' Motion to Dismiss is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### Factual and Procedural Background

Appearing *pro se*, Plaintiff John B. Williams III filed suit against the Bexar County Defendant-Movants and two former Bexar County Assistant District Attorneys, Alexandra Zepeda and Tiffany Miller, regarding the Bexar County District Attorney's Office's handling of a 2019 criminal matter in which Williams was the defendant. Specifically, Williams alleges the court appointed him counsel in spite of his stated desire to proceed *pro se*—and appointed

counsel was biased because they worked on the prosecution side of a 1999 criminal case brought against him. He further alleges his temporary confinement during the coronavirus pandemic was unduly punitive because of the risk of contracting the virus while confined. Williams alleges the Bexar County Defendants should have objected to what he perceives to be improper appointment of counsel. He further suggests the Bexar County Defendants' support of his confinement was problematic, the Bexar County Defendants failed to provide documents he requested, and DA Gonzales has failed to make good on his campaign pledge to reform the office. Williams cites several Federal and State criminal statutes as the bases for his claim, as well as Texas statutes dealing with open records and referral of Constitutional matters to the Attorney General. He requests relief in the form of an investigation and $5 million in damages.

The Bexar County Defendants moved to dismiss Williams' complaint, both on jurisdictional grounds and on the merits. To provide leniency, the Court deferred ruling on the Motion and directed Williams to show cause why the Court should not dismiss his case for lack of jurisdiction. *ECF No. 15*. Williams responded on July 8, 2022, arguing the case should be allowed to proceed because civil and criminal matters can be joined in the same action. *ECF No. 16*.

## Legal Standard

Federal Rule of Civil Procedure 12(b)(1)[1] authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the

---

[1] Although their Motion cites to Federal Rule of Civil Procedure 12(b)(6), the Court construes the Bexar County Defendants' standing argument as a Federal Rule 12(b)(1) argument because it raises jurisdictional issues.

Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.2d 158, 161 (5th Cir. 2001).

The jurisdiction of federal courts is circumscribed by the limits set forth in Article III of the Constitution. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III legitimizes the use of judicial power "to declare the rights of individuals and to measure the authority of governments" in the resolution of "cases" and "controversies." *Id*. For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010 (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). A court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Fifth Circuit has long held that, under Federal Rule 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

## Discussion

In this case, the Bexar County Defendants challenge the Court's subject matter jurisdiction on grounds of constitutional standing, official immunity, prosecutorial immunity, and because the county is a non-jural entity. Standing resolves this case, so the Court does not address the Bexar County Defendants' other arguments.

Constitutional standing, which is a plaintiff's personal stake in the outcome of the case, is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Davis v.*

3

*Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014); *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002). "The party invoking federal jurisdiction bears the burden of establishing each of these elements." *Lujan*, 504 U.S. at 560–61; *accord*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013).

A plaintiff must show an "actual or imminent," "concrete and particularized" injury in fact. *Friends of the Earth, Inc. v. Laidlaw Env't. Servs., Inc.*, 528 U.S. 167, 180 (2000). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2021). Williams alleges his 2019 criminal prosecution was part of a conspiracy against him dating back to 1999. He further alleges he was inappropriately appointed counsel and jailed. He does not, however, explain what injury he suffered as a result. Construed liberally, Williams appears to suggest he was injured by having to defend himself in the 2019 criminal matter and he suffered from a fear of exposure to coronavirus in confinement. These injuries are not sufficiently concrete and particularized to establish standing in federal court.

The next question is whether Williams' alleged injury is causally connected to the Bexar County Defendants' conduct. *California v. Texas*, 141 S.Ct. 2104, 2114 (2021). Here again, Williams' pleading is unclear. He seems to impute a responsibility on the Bexar County District Attorneys trying his case to object to inappropriate appointment of counsel and confinement. As

they note in their Motion, the District Attorneys have no such obligation. The court appoints counsel and is responsible for addressing any conflicts of interest that may arise. With respect to Williams' confinement, the District Attorneys are responsible only for advocating for terms of confinement which they believe are warranted under the law and the facts of the case. Williams appears to confuse the role of defense counsel, who has an obligation to advocate for the defendant, with the role of the District Attorney, who does not. For this reason, William fails to demonstrate a causal connection between the District Attorneys' conduct and the harm Williams suffered sufficient to establish standing.

Finally, the Court finds Williams has not pled a redressable injury. To establish standing, a plaintiff must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc.*, 528 U.S. at 181. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). "The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). In this case, Williams sues under several Federal and State criminal law statutes, seeking an investigation and $5 million in damages. As an initial matter, Williams cannot assert a civil cause of action under Federal or State criminal law. Even if it were possible, though, Williams has pled no concrete injury which would entitle him to money damages. Furthermore, Williams' request for injunctive relief in the form of an investigation is not sufficient to establish standing. "Because injunctive and declaratory relief 'cannot conceivably remedy any past wrong,' plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened further injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (quoting *Steel*

*Co.*, 523 U.S. at 108). Williams' unsupported claim for $5 million and request for injunctive relief in the form of an investigation are not sufficient to meet the requirement that the plaintiff's requested relief must remedy the injury he alleges. As such, Williams cannot establish Constitutional standing.

### Conclusion

Williams has failed establish standing because he has not alleged a concrete and particularized injury, nor demonstrated an injury causally connected to the Bexar County Defendants' conduct, nor sought relief that would redress his injury. Federal courts must dismiss a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. Therefore, this Court must dismiss Williams' case because he has not met his burden of establishing Constitutional standing sufficient to support federal jurisdiction. Because the Court has responsibility to consider the question of subject matter jurisdiction *sua sponte*, the Court finds it lacks jurisdiction not only over the case as it pertains to the Bexar County Defendant-Movants, but over the case in total.

For the reasons stated, the Court **GRANTS** the Bexar County Defendants' Motion to Dismiss. All causes of action that may be asserted related to the facts supporting this case are **DISMISSED WITHOUT PREJUDICE**.

It is so ORDERED.
SIGNED this 21st day of July, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

6